# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ORLANDO PEÑA-LOPEZ,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 16-1417 (ADC)**
**[Related to Crim. No. 13-275 (ADC)]**

## OPINION AND ORDER

On February 7, 2019, the Court denied in part petitioner Orlando Peña-López's ("Peña") pro se petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in relation to Criminal Case No. 13-275. **ECF No. 15.** The Court reserved ruling on Peña's argument regarding ineffective assistance of counsel in relation to appeal rights, until holding an evidentiary hearing on the matter. *Id*. The Court subsequently learned that Peña's counsel in Crim. No. 13-275, Carlos Noreiga ("Noreiga"), was medically unable to attend an evidentiary hearing. **ECF Nos. 16, 19, 20**. Accordingly, the Court appointed separate counsel for both petitioner and Noreiga. *Id*. The Court conducted a status conference with the attorneys, including the attorney for the United States, and established a timetable in which all of the attorneys could participate in a deposition at Noreiga's home. **ECF No. 26**. The attorneys conducted the deposition on March 12, 2019. **ECF Nos. 26, 27, 28.** The Court conducted an evidentiary hearing on March 13, 2019, to elicit Peña's testimony. **ECF No. 28**. The parties filed a transcript of the deposition testimony

on March 15, 2019. **ECF No. 27**. The remaining issue in Peña's habeas petition is now ripe for adjudication. Based on the evidence elicited, the Court **DENIES** the petition in full. **ECF No. 1**.

I.  Background[1]

Peña asserts that Noreiga performed ineffectively when he failed to timely file a notice of appeal upon Peña's request, thereby depriving Peña of the right to appeal his conviction. **ECF No. 1-1** at 13. At the March 13, 2019 evidentiary hearing, Peña testified that he understood that his plea agreement contained an appeal waiver. **ECF No. 28**. He recalled discussing the appeal waiver and the other terms of the plea agreement with Noreiga before entering his plea. *Id*. He testified that he remembered attending a sentencing hearing and he understood that the Court imposed the lowest possible sentence under the applicable statute and that his sentence was in accordance with his plea agreement. *Id*. He also recalled the Court reiterating the existence and impact of the appeal waiver during his sentencing hearing. *Id*. He testified that he understood he had nothing to gain in an appeal and that an appeal would likely be dismissed because he was sentenced in accordance with his plea agreement. *Id*.

The Court questioned Peña directly, during which time he clarified that he did not have much knowledge of the law but heard about the possibility of filing a habeas petition from other inmates. *Id*. Peña testified contradictorily, stating that he did not have contact with Noreiga after sentencing because Peña was abruptly "taken away," and that he and Noreiga spoke "outside"

---

[1] The background of this case and the underlying criminal case is recounted in full in the Court's Order at **ECF No. 15**.

after sentencing about filing an appeal. *Id*. He could not remember any details about that conversation or what grounds for appeal he desired to pursue. *Id.* He also could not remember Noreiga's response to his appeal request. *Id*. Last, he stated that he never wrote a letter to Noreiga after sentencing. *Id*.

Similarly, during his deposition, Noreiga stated that although he believed Peña did not request an appeal, he could not be "a hundred percent sure." **ECF No. 27** at 8–9. He noted that his general practice during his several decades of criminal defense work was to file a notice of appeal whenever a client requested that he do so. *Id*. at 10–11.

## II. Legal Standard

To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Failure to prove either prong of an ineffective assistance claim is fatal to the claim. *United States v. Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" and presumptively prejudicial. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

## III. Analysis

Peña could not recall any details of his alleged conversation with Noreiga about an appeal and, indeed, gave conflicting testimony as to whether he ever spoke with Noreiga after

sentencing. Additionally, Peña agreed he had no specific grounds in mind for which to request an appeal and that he understood he had waived his right to appeal, though he admitted he was not legally savvy. Thus, all Peña has provided is his self-serving statement, devoid of any specific details that may lend to the statement's credibility, that he requested Noreiga file a notice of appeal.

In addition, Noreiga stated that Peña never requested an appeal, though he was not completely certain if he was remembering the case clearly. Nonetheless, Noreiga confirmed that he would have filed a notice of appeal had Peña requested he do so because that was his normal practice during his lengthy criminal defense career.

Last, but not least, petitioner has not challenged his guilty plea or conviction. He acknowledged having pleaded guilty and waiving his right to appeal. He indicated that the contents of the plea agreement had been explained to him and that he understood the plea agreement. More so, he indicated that he understood he had been sentenced in accordance with the plea agreement and that he had received the statutorily mandated minimum sentence.[2]

Given the evidence elicited during the hearing and deposition, as well as Peña's understanding of the appeal waiver in his plea agreement, the Court concludes that Peña did not ask Noreiga to file an appeal in Crim. No. 13-275. Therefore, Noreiga did not render ineffective assistance by failing to file an appeal in this case and Peña's request for habeas relief on this ground necessarily fails.

---

[2] For these same reasons, petitioner's argument would have failed even if his claim had been considered credible.

## IV.     Conclusion

The motion for habeas relief at **ECF No. 1** is **DENIED** in full. Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of March, 2019.

                                            **S/AIDA M. DELGADO-COLÓN**
                                            **United States District Judge**